# IN THE UNITED STATES COURT OF APPEALS
# FOR THE TENTH CIRCUIT

| | | |
|---|---|---|
| 1. JEFFREY BOOTH, | ) | |
|        Plaintiff/Appellant, | ) | |
| v. | ) | No. 20-6074 |
| 1. HOME DEPOT U.S.A., INC. a/k/a THD AT-HOME SERVICES, INC., and | ) | CIV-2020-0216-J (West.Dist.Okla.) |
| 2. BRIAN JOHNSON, | ) | |
|        Defendants/Appellee. | ) | |

## APPELLANT'S MOTION TO CERTIFY A QUESTION TO THE OKLAHOMA SUPREME COURT

**COMES NOW THE APPELLANT** and moves this Court to certify the question of whether or not an employee's report of fraud against consumers is protected whistleblowing under Oklahoma's ***Burk*** doctrine.

This Motion is made pursuant to FRAP 26 and C10R 27.2. This Motion is made at the same time as the filing of Appellant's brief in chief as provided by C10R 27.2(C).

The Supreme Court of Oklahoma is authorized to answer a question submitted to it by this court. 20 O.S. § 1602.

In support of this Motion, Plaintiff would show that he has asserted a claim that he was terminated in retaliation for internally reporting fraudulent over charging of customers as prohibited by the Home Repair Fraud Act, the Consumer Fraud Act and the more general civil and criminal statutes and case law prohibiting fraud.

The issue of whether such reports are protected by Oklahoma's public policy is the central issue in appeal and is a question of law. ***Darrow v. Integris Health,***

*Inc.*, 2008 OK 1, ¶ 9, 176 P.3d 1204, 1210 ("The implication of a sufficiently discernable public policy presents a question of law to be resolved either [by the trial court] or ultimately by an appellate court.")

Although this Court must attempt to predict how the Oklahoma Supreme Court would rule on the issue, "[i]t is axiomatic that state courts are the final arbiters of state law." *United States v. DeGasso*, 369 F.3d 1139, 1145-46 (10th Cir.2004). In Oklahoma, "the holding of the federal court on a matter of state law has no precedential value". *Martin v. Johnson,* 1998 OK 127 ¶ 31, 975 P.2d. 889, 896. Accordingly, the best manner to resolve questions of state law is to allow the state court to resolve that question.

Here, Appellant filed his action in state court where the viability of his arguments on Oklahoma's public policy could have properly been resolved by the state court. Appellee chose to remove the case to federal court, so now, to have a final binding determination on the state law issue, the matter must be certified to state court.

Although, "[t]he decision to certify rests in the sound discretion of the federal district court... [c]ertification is particularly appropriate where the legal question at issue is novel and the applicable state law is unsettled." *Allstate Ins. Co. v. Brown*, 920 F.2d 664, 667 (10th Cir. 1990) (citing *Lehman Bros. v. Schein*, 416 U.S. 386, 391 (1974)).

The crux of the district court's erroneous decision below was that it was unsettled whether Oklahoma's public policy would protect an employee who reported fraud against the employer's customers. As stated by this Circuit in *Copier v. Smith & Wesson Corp.,* 138 F.3d 833, 839 (10th Cir.1998), "[c]ertification is a useful

procedure which the Supreme Court has used or commended several times." In ***Siloam Springs Hotel, L.L.C. v. Century Sur. Co.***, 781 F.3d 1233, 1239 (10th Cir. 2015), as part of the remand of a case to the federal district court, the Circuit observed that:

> [C]ertification, 'in the long run,' 'helps build a cooperative judicial federalism.' ***Lehman Bros. v. Schein***, 416 U.S. 386, 391 & n.8 (1974); ***see also . . . Mitcheson v. Harris***, 955 F.2d 235, 237 (4th Cir. 1992) (noting district courts have discretion to decline to resolve declaratory judgment actions and holding '[t]here exists an interest in having the most authoritative voice speak on the meaning of applicable law, and that voice belongs to the state courts when state law controls the resolution of the case').
> As the United States Supreme Court as stated:
>> . . .Speculation by a federal court about the meaning of a state statute in the absence of prior state court adjudication is particularly gratuitous when. . . the state courts stand willing to address questions of state law on certification from a federal court.

***Brockett v. Spokane Arcades, Inc.***, 472 U.S. 491, 510 (1985) (O'Connor, J., concurring) (cited with approval in ***Arizonans For Official English v. Arizona***, 520 U.S. 43, 79 (1997)). "Taking advantage of certification made available by a State may 'greatly simplif[y]' an ultimate adjudication in federal court." ***Id.***, (internal citation omitted). Certification is most appropriate when there are novel, unsettled issues of law as related to the state law claim:

> a necessary but not controlling component is the difficulty in determining the local law. . . The Supreme Court's recent opinion in ***Arizonans for Official English*** teaches that '[n]ovel, unsettled questions of state law, however, not "unique circumstances," are necessary before federal courts may avail themselves of state certification procedures.' 117 S.Ct. at 1074-75.

***Copier***, 138 F.3d at 839.

Although the Oklahoma Supreme Court has stated, at least in ***dicta***, that reporting or opposing fraud by a business against its customers is protected by

Oklahoma's public policy, federal district court's in Oklahoma have expressed uncertainty about whether a related statute gives rise to a public policy tort. ***See Hetronic Int'l, Inc. v. Rempe***, 99 F. Supp. 3d 1341, 1349 (W.D. Okla. 2015) (Court was "unable to find any Oklahoma case law recognizing that the Consumer Protection Act may support a ***Burk*** tort.") Indeed, this uncertainty was cited by the district court below in reaching the decision in this case. That federal district courts have viewed the matter as unsettled further supports certification.

In certifying the question, all of the facts necessary for a decision by the Oklahoma Supreme Court are contained in Mr. Booth's complaint. The necessary facts, as extracted from the complaint, are:

1. Mr. Booth was an employee of Home Depot.
2. Mr. Booth visited a job site to measure a window for a repair to an existing residential house. While at the job site, the Plaintiff became aware that the customer was being billed for 'wraps' which the customer did not need because of the type of house. On that same date, Plaintiff notified his supervisor, Brian Johnson, that the customer was being charged for 'wraps' that were not being used.
3. Mr. Booth called Brian Johnson to follow-up on the email he had sent. Booth Supervisor at Home Depot responded by stating, "I don't see a problem with that," and explained that he felt it was acceptable to overcharge the customers at the beginning of a project, in the event that the project ended up going over budget. Booth pointed out to Mr. Johnson that if that was the case, customers were still being overcharged, due to the fact that no customer had ever been reimbursed

where the project had not gone over budget, to which Mr. Johnson stated, "I don't see that as a big deal."

4. Mr. Booth was fired two days after his report.

5. Mr. Booth relies on 15 O.S. § 765.1, the "Home Repair Fraud Act" as the primary source for his public policy. This Act applies to "the fixing, replacing, altering, converting, modernizing, improving of or the making of an addition to any real property primarily designed or used as a residence." 15 O.S. § 765.2(A)(1). Under 765.3:

> A person commits the offense of home repair fraud if the person knowingly or with reason to know:
>
> 1. enters into a consumer transaction for home repair and knowingly or with reason to know:
>
> a. misrepresents a material fact relating to the terms of the consumer transaction or the preexisting or existing condition of any portion of the property involved, or creates or confirms an impression of the consumer which is false and which the violator does not believe to be true, or promises performance which the violator does not intend to perform or knows will not be performed; or
>
> b. uses or employs any deception, false pretense or false promises in order to induce, encourage or solicit such consumer to enter into any consumer transaction; or
>
> c. requires payment for the home repair at a price which unreasonably exceeds the value of the services and materials needed for the home repair;. . .

6. The Home Repair Fraud Act incorporates the enforcement provisions of the Oklahoma Consumer Protection Act which makes a violation of the Act a crime. *See* 15 O.S. § 761.1(E) incorporated by 15 O.S. § 765.1.

7. Secondarily, Mr. Booth relied on the Oklahoma Consumer Protection Act, 15 O.S. § 752(13), (14); 21 O.S. § 1541.1 (criminally prohibiting fraud committed by any person which includes corporations); 15 O.S. § 58 (civilly defining and prohibiting fraud); 15 O.S. § 59 (Civilly defining and prohibiting constructive fraud); 76 O.S. § 3 (Civilly defining an prohibiting deceit), and Oklahoma's decisional law.

**WHEREFORE,** Plaintiff prays that this Court certify to the Oklahoma Supreme Court the question of whether either individually or in combination the following authorities establish a public policy protecting persons who report consumer fraud: Home Repair Fraud Act (15 O.S. § 765.1, et seq), Consumer Fraud Act (15 O.S. §§ 753, 761.1(E)), 21 O.S. § 1541.1 (criminally prohibiting fraud committed by any person which includes corporations); 15 O.S. § 58 (civilly defining and prohibiting fraud); 15 O.S. § 59 (Civilly defining and prohibiting constructive fraud), and 76 O.S. § 3 (Civilly defining and prohibiting deceit), and *First State Bank v. Thomas*, 1949 OK 67, ¶¶ 15, 16, 201 Okla. 325, 328, 205 P.2d 866, 869 (defining common law fraud as follows: "fraud is a 'generic' term and embraces all unfair ways by which another is cheated or unlawfully imposed upon.")

**RESPECTFULLY SUBMITTED THIS 10th DAY OF July 2020.**

s/Mark Hammons
HAMMONS, HURST & ASSOCIATES
Mark Hammons, OBA No. 3784
Brandon Roberts, OBA No. 34012
325 Dean A. McGee Avenue
Oklahoma City, Oklahoma 73102
Telephone: (405) 235-6100
Facsimile: (405) 235-6111
Email: amberashby@hammonslaw.com

## CERTIFICATE OF COMPLIANCE

Pursuant to 10th Cir. R. 32, Appellant hereby certifies that on July 10, 2020, the "Appellant's Motion" is being filed using the court's CM/ECF system which will then send notification of such filing to the following parties listed on the Certificate of Service below. Additionally, Appellant certifies that (a) all required privacy redactions have been made, (b) that the hard copies to be submitted to the court are exact copies of the version submitted electronically and (c) that the electronic submission was scanned for viruses with the most recent version of a commercial virus scanning program, and is free of viruses.

s/Mark Hammons

## CERTIFICATE OF SERVICE

A true copy of the foregoing was filed and served via e-mail on this 10th day of July, 2020 to opposing counsel:

Anh Kim Tran, OBA No.21384
Ogletree, Deakins, Nash, Smoak & Stewart, PC
The Heritage Building
621 N. Robinson Ave, Ste 400
Oklahoma City, OK 73102
Ph: (405) 546-3760
Fax: (405) 546-3775
Email: kim.tran@ogeltree.com

s/Mark Hammons